IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOSPITALITY INSURANCE COMPANY, | : : | |
| Plaintiff | : : | No. 1:18-cv-1090 |
| v. | : : | (Judge Kane) |
| CARLEY'S NEIGHBORHOOD BAR AND GRILL, LLC d/b/a DARA AND JACK'S PLACE, and d/b/a JACK'S PLACE, et al., Defendants | : : : : : : | |

## MEMORANDUM

Before the Court is Defendant Carley's Neighborhood Bar and Grill, LLC d/b/a Dara and Jack's Place, and d/b/a Jack's Place ("Defendant Carley's")'s motion to dismiss Plaintiff Hospitality Insurance Company ("Plaintiff")'s complaint (Doc. No. 1), on abstention grounds (Doc. No. 7), and Plaintiff's motion for leave to file an amended complaint (Doc. No. 17). For the reasons provided herein, the Court will deny Defendant Carley's motion to dismiss and grant Plaintiff's motion for leave to file an amended complaint.

### I. BACKGROUND

In this declaratory judgment action, Plaintiff seeks a declaration that it is not obligated to defend and indemnify Defendant Carley's in an underlying state court action. (Id. ¶ 1.) Defendant Taray Wilkerson ("Defendant Wilkerson"), filed the underlying action on October 25, 2017, in the Court of Common Pleas of Franklin County, Pennsylvania, (the "Wilkerson Action").[1] Plaintiff, a Massachusetts corporation, has been providing a defense to Defendant Carley's, a Pennsylvania limited liability company, in the Wilkerson Action pursuant to a

---

[1] Wilkerson v. Carley's Neighborhood Bar and Grill, LLC, No. 2017-4092 (Court of Common Pleas of Franklin Cty., Oct. 25, 2017). (Doc. No. 1 at 18.)

commercial general liability insurance policy issued by Plaintiff (the "HIC Policy") (id. at 47), subject to a reservation of rights (id. ¶ 29).[2] The HIC Policy contains several coverage exclusions, including expected or intended injury, liquor liability, assault and battery, and athletic or sports participants, which, according to Plaintiff, exclude the Wilkerson Action from insurance coverage under the HIC Policy. (Id. ¶¶ 25-28.)

In the Wilkerson Action, Defendant Wilkerson alleges that on November 6, 2015, she sustained injuries resulting from an altercation between employees of Defendant Carley's and Defendant Esau Lashow Scott ("Defendant Scott"), that took place at a bar in Chambersburg, Pennsylvania, owned and operated by Defendant Carley's. (Id. ¶¶ 11, 13.) Defendant Wilkerson further alleges in the Wilkerson Action that Defendant Carley's was negligent in "failing to employ proper staff, failing to monitor the alcohol intake of their guests, failing to train their employees in the handling of emergency situations, failing to remove rowdy patrons from the premises, negligently serving alcohol to intoxicated patrons, and violating the Liquor Code." (Id. ¶ 16.) Defendant Wilkerson seeks damages for the injuries she allegedly suffered in the altercation. (Id. ¶ 19.)

On May 24, 2018, Plaintiff filed the instant complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (the "Declaratory Judgment Act"), seeking a declaration that Plaintiff is not obligated to defend and indemnify Defendant Carley's in the Wilkerson Action. (Id.) On June 18, 2018, Defendant Carley's filed a motion to dismiss Plaintiff's complaint on abstention grounds (Doc. No. 7), and filed a brief in support thereof on June 26, 2018 (Doc. No. 10). On June 28, 2018, Plaintiff filed a brief in opposition to Defendant Carley's

---

[2] Plaintiff is not a party to the Wilkerson Action.

motion to dismiss (Doc. No. 11), to which Defendant Carley's filed a reply brief on July 11, 2018 (Doc. No. 13).

On September 4, 2018, Plaintiff filed a motion for leave to file an amended complaint (Doc. No. 17), and a brief in support thereof (Doc. No. 18).  Plaintiff states that it "does not believe that the filing of the proposed amended complaint for declaratory judgment impacts the pending motion to dismiss" and that, as a result, the pending motion to dismiss may be decided by the Court without further briefing.  (Id. at 2.)  Defendant Carley's and Defendant Wilkerson do not oppose Plaintiffs motion.  (Doc. No. 17 ¶ 7.)  Plaintiff was unable to obtain the consent of Defendant Scott, who has not submitted an appearance in this matter.  (Id.)  Given that the time in which to file a response to Plaintiff's motion has elapsed, and that Defendant Carley's motion to dismiss has been fully briefed, the motions are ripe for disposition.

## II. LEGAL STANDARD

### A. Plaintiff's Motion for Leave to File an Amended Complaint

Federal Civil Procedure Rule 15(a) provides that a party may amend a pleading only once as a matter of course within twenty-one (21) days of serving it, or if the pleading is one to which a responsive pleading is required, within twenty-one (21) days of service of a responsive pleading, or service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  See Fed. R. Civ. P. 15(a).  In all other cases, a party may amend its pleading only with the opposing party's written consent, or with leave of the Court.  Fed. R. Civ. P. 15(a)(2).  The rules provide that courts should freely grant leave to amend "when justice so requires."  See id.

The Third Circuit has taken a liberal approach to granting leave to amend pleadings, observing that leave should be granted freely in order to ensure that a particular claim is decided on "the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d

Cir. 1990). A district court nevertheless retains discretion in deciding whether to grant or deny a party's request to amend its pleading, Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000), and may deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or in instances where the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 183 (1962).

### B. Defendant Carley's Motion to Dismiss

In general, the party asserting jurisdiction "bear[s] the burden of proving that jurisdiction exists." Castro v. United States Dep't of Homeland Sec., No. 16-1339, at *4, 2016 WL 4501943 (3d Cir. Aug. 29, 2016) (internal quotation marks omitted) (quoting Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012)). However, a motion requesting that a district court decline to exercise jurisdiction over a claim filed pursuant to the Declaratory Judgment Act does not implicate a defect in federal subject matter jurisdiction. See Reifer v. Westport Ins. Co., 751 F.3d 129, 133 (3d Cir. 2014). Rather, the decision to exercise jurisdiction over Declaratory Judgment Act claims is committed to the "substantial but nonetheless bounded and reviewable discretion" of the district court, as informed by several factors enumerated by the Third Circuit. Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 282-83 (3d Cir. 2017) (internal quotation marks omitted) (citing Reifer, 751 F.3d at 140). A court may, in certain circumstances, abstain from entertaining an action seeking only declaratory relief. See Kelly, 868 F.3d at 281. In deciding whether to entertain a declaratory judgment action, a district court considers factors that bear "on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution." See Kelly, 868 F.3d at 282 (alteration in original).

## III. DISCUSSION

### A. Leave to Amend

In its motion for leave to file an amended complaint, Plaintiff states that Defendant Wilkerson filed a second amended complaint in the Wilkerson Action on August 27, 2018, and that because "the duty to defend is based upon the allegations of the underlying complaint, [P]laintiff seeks leave to submit an amended complaint for declaratory judgment attaching and citing to the applicable second amended complaint in the [Wilkerson Action]." (Doc. No. 17 ¶¶ 2-3.) Plaintiff further states that it "does not believe that the filing of the proposed amended complaint for declaratory judgment impacts the pending motion to dismiss, and respectfully submits that the pending motion to dismiss may be decided by the Court without further briefing by the parties" if the Court grants Plaintiff's motion for leave to file an amended complaint. (Id. ¶ 6.)

The Court will grant Plaintiff's motion for leave to file an amended complaint. There is a general presumption in favor of granting a party leave to amend its pleadings under Federal Civil Procedure Rule 15(a)(2). See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984). First, none of the factors necessary to overcome this presumption is present here. Additionally, as noted above, while Plaintiff was unable to obtain the consent of Defendant Scott, both Defendant Wilkerson and Defendant Carley's consent to Plaintiff's motion. (Doc. No. 17 ¶ 7.)

Plaintiff's proposed amended complaint contains only minor changes and attaches the second amended complaint in the Wilkerson Action as an exhibit. (Doc. No. 17 at 44.) The Court observes that the minor changes to Plaintiff's proposed amended complaint will not affect the Court's analysis of the abstention arguments raised by Defendant Carley's in its motion to

5

dismiss. Accordingly, the Court will apply the abstention arguments raised in Defendant Carley's motion to dismiss to the proposed amended complaint that is attached as an exhibit to Plaintiff's motion. (Id. at 44). See Green Pet Shop Enters., LLC v. Telebrands Corp., No. 17-6179, 2018 WL 547544, at *1 (D.N.J. Jan. 24, 2018) (applying arguments raised in a motion to dismiss to a later-filed amended complaint when the amended complaint showed no substantial change with regard to the issues raised in the motion to dismiss). The Court next turns to Defendant Carley's motion to dismiss.

### B. Defendant Carley's Motion to Dismiss

#### i. Applicable Legal Standard

The Declaratory Judgment Act provides in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" See 28 U.S.C. § 2201(a). The Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the [C]ourt's subject matter jurisdiction." [3] Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d

---

[3] The Court has jurisdiction under 28 U.S.C. § 1332(a)(1). The parties are diverse and the amount in controversy exceeds the sum of $75,000. For purposes of the amount in controversy, the value of a declaratory claim is the "value of the object of the litigation," Auto-Owners Ins. Co., 835 F.3d at 398, determined by "look[ing] to the value of the insurance policy and the damages in the underlying case." See Homesite Ins. Co. v. Neary, No. 17-cv-2297, 2017 WL 5172294, at *5-6 (E.D. Pa. Nov. 8, 2017) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995)). The Wilkerson Action seeks damages "in excess of $50,000," and the HIC Policy has a coverage limit of $1,000,000 for "each occurrence." (Doc. No. 1 ¶ 9.) Given the injuries alleged in the Wilkerson Action, and the cost of providing a defense, the Court cannot state to a legal certainty that the $75,000 threshold required by 28 U.S.C. § 1332 is not met. See Auto Owners Ins. Co., 835 F.3d 388 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

388, 294 (3d Cir. 2016) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)).

Actions seeking only declaratory relief are discretionary and thus are not "subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction.'" See Reifer, 751 F.3d at 139 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)). Courts may thus "abstain from entertaining" actions asserted only for declaratory relief. Allied World Specialty Ins. Co. v. Indep. Blue Cross, No. 17-1463, 2017 WL 4922177, at *2 (E.D. Pa. Oct. 31, 2017) (citing Kelly, 868 F.3d at 281). While the discretion courts exercise in actions seeking only declaratory relief is "substantial," it is nonetheless "bounded and reviewable." See Kelly, 868 F.3d at 282 (citing Reifer, 751 F.3d at 140). In deciding whether to entertain a declaratory action, courts "should first determine whether there is a 'parallel state proceeding.'" Id. (citing Reifer, 751 F.3d at 143, 146.) Although the existence of a parallel state proceeding is significant, it is not dispositive; "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," whereas "the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" See id. (citing Reifer, 751 F.3d at 144-45.)

A pending state court action may properly be deemed a parallel state proceeding if, at the time the federal court is deciding whether to abstain, there exists "substantial similarity in issues and parties between contemporaneously pending proceedings." Kelly, 868 F.3d at 284. Germane factors include "the scope of the pending proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined." Id. "Such analysis contemplates comparing the state and federal action as they contemporaneously exist, not as they might eventually be." Id.

7

Upon making a determination as to whether a pending state court action is a parallel state proceeding, courts should give "meaningful consideration" to the following factors to the extent they are relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at 282-83 (quoting Reifer, 751 F.3d at 146).

### ii. Arguments of the Parties

In moving for dismissal of Plaintiff's complaint, Defendant Carley's argues that the Court should decline to exercise jurisdiction over Plaintiff's claim on abstention grounds as a result of the pending Wilkerson Action. (Doc. No. 10 at 4.) Defendant Carley's states that "a federal court sitting in diversity must apply federal law in determining the question of justiciability," and that under the Declaratory Judgment Act, "district courts have discretion to refuse to exercise jurisdiction of a request for declaratory relief, even if the [C]ourt otherwise has subject matter jurisdiction over the dispute." (Id. at 4.) Defendant Carley's argues that there is

8

no federal interest in Plaintiff's claims and that the Wilkerson Action constitutes a parallel state proceeding to which the Court should defer. (Id. at 5.)

Defendant Carley's states that, in light of the factors the Third Circuit established in Reifer to guide district courts in deciding whether to exercise jurisdiction over a particular claim, two factors weigh in favor of the Court's declining to exercise jurisdiction over Plaintiff's complaint. (Id. at 6.) First, Defendant Carley's argues that the second factor, "convenience of the parties," weighs in favor of declining to exercise jurisdiction because the owners of Defendant Carley's are residents of Franklin County, Pennsylvania ("Franklin County"), the alleged altercation in the Wilkerson Action took place in Franklin County, and the Wilkerson Action is currently pending in the Franklin County Court of Common Pleas. (Id.) Defendant Carley's also argues that the eighth factor weighs in favor of declining jurisdiction "given [Plaintiff's] ongoing defense of [Defendant Carley's] in the underlying Wilkerson Action in Franklin County." (Id.)

Plaintiff argues that the Court should not decline to exercise jurisdiction over the instant litigation because there is no parallel state proceeding and none of the Reifer factors favors abstention in this case. (Doc. No. 11 at 5.) Plaintiff first asserts that the Wilkerson Action is not a parallel state proceeding because it is not a party to the Wilkerson Action, nor would it be a proper defendant in that action. (Id. at 9.) Second, Plaintiff states that the ultimate resolution of the Wilkerson Action will not resolve the question before this Court of whether Plaintiff is required to defend and indemnify Defendant Carley's in the Wilkerson Action. (Id. at 10.) Plaintiff argues that because the Wilkerson Action does not constitute a parallel state proceeding, the "weightiest factor weighs against abstention." (Id. at 11.) Plaintiff also states that the Reifer

9

factors do not support the Court's declining jurisdiction and thus do not outweigh the absence of a parallel state proceeding. (Id. at 12.)

### iii. Whether the Court Will Decline to Exercise its Jurisdiction Over Plaintiff's Claims

The Court will exercise its jurisdiction over the instant litigation. In applying the test established by the Third Circuit in Kelly, the Court concludes that Wilkerson Action is not a parallel state proceeding. To be considered parallel, there must be "substantial similarity in issues and parties" between the pending proceedings. Kelly, 868 F.3d at 284. Since Plaintiff is not a party to the Wilkerson Action, the Wilkerson Action is not a parallel state proceeding. See Colony Ins. Co. v. Troensa Constr., Inc., No. 17-03577, 2018 WL 4676038, at *7 (D.N.J. Sept. 28, 2018) (citing Kelly, 868 F.3d at 287) (finding no parallel state proceeding because "[Kelly] creates a per se presumption that an insurer's declaratory judgment action is distinct from underlying tort actions in state court where the insurer is a non-party"); see also Homesite Ins. Co., 2017 WL 5172294, at *3 (concluding that there was no pending parallel state proceeding because the insurance company was not a party to the state civil action). Defendant Carley's has not made any showing that would overcome this presumption.

While the fact that Plaintiff is not a party to the Wilkerson Action is sufficient for this Court to conclude that there is no parallel state proceeding, this case also presents issues that are distinct from the Wilkerson Action. While both actions relate to the alleged altercation that injured Defendant Wilkerson, the issue of Plaintiff's coverage obligation is not present in the Wilkerson Action. The Court observes, therefore, that the resolution of the Wilkerson Action will not resolve the issue concerning Plaintiff's obligation to defend and indemnify Defendant Carley's. This provides further support for the Court's conclusion that the Wilkerson Action is not a parallel state proceeding. See Trustgard Ins. Co. v. Fagan, No. 3:18-cv-00714, 2018 WL

3631935, at *3 (M.D. Pa. July 31, 2018) (finding no parallel state proceeding where the question of the insurance company's obligations was not present in the state action and the insurance company was not a party to the state action); Foremost Ins. Co. v. Nosam, LLC, No. 5:17-cv-02843, 2018 WL 417035, at *2 (E.D. Pa. Jan. 12, 2018) (finding no parallel state proceeding because the state negligence action "will not resolve the issue in this case of whether Foremost [Insurance Co.] has a duty to defend and indemnify").

The Court's conclusion that the Wilkerson Action is not a parallel state proceeding "militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer, 751 F.3d at 145. The Court will now consider the factors articulated by the Third Circuit in Reifer. See Kelly, 868 F.3d at 282 (holding that, upon finding that no parallel state proceeding exists, a court should give the factors prescribed by the Third Circuit in Reifer "meaningful consideration . . . to the extent they are relevant," in order to determine whether "the lack of a pending parallel state proceeding is outweighed by opposing factors").

The factors established in Reifer do not favor abstention in the case at bar. The Court notes that in its brief, Defendant Carley's addresses only the second factor – the convenience of the parties – and the eighth factor, an inherent conflict of interest between the insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. (Doc. No. 7 at 6-7.) In its brief, Plaintiff discussed each of the Reifer factors. (Doc. No. 11 at 12-16.) The Court will address each of the Reifer factors in turn.

The first factor contemplates the likelihood that a federal court declaration will resolve the uncertainty of obligation that gave rise to the controversy. See Kelly, 868 F.3d at 283. This factor weighs in favor of the Court's exercise of its jurisdiction because a decision in the instant litigation will resolve the uncertainty of Plaintiff's obligation to defend and indemnify Defendant

Carley's. See Kelly, 868 F.3d at 288 (holding that "a declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action").

The second factor is the convenience of the parties. Id. at 283. Defendant Carley's argues that this factor weighs in favor of the Court's declining jurisdiction because its owners are residents of Franklin County and the Wilkerson Action is pending in the Court of Common Pleas of Franklin County. (Doc. No. 10 at 6.) Defendant Carley's does not specify, however, why this Court is so inconvenient a forum for the parties that the Court should abstain from exercising jurisdiction. As Plaintiff notes, Franklin County is located relatively close to this Court. (Doc. No. 11 at 13.) Further, both Defendant Carley's and Defendant Wilkerson are residents of Pennsylvania. (Doc. No. 1 ¶¶ 4, 7.) This factor, therefore, supports the Court's exercise of its jurisdiction. See Colony Ins. Co., 2018 WL 4676038, at *8 (holding that where all defendants were citizens of the forum state, the second Reifer factor favored the court's exercise of jurisdiction).

As to the third factor, "the public interest in settlement of the uncertainty of obligation," Kelly, 868 F.3d at 283, neither party has identified a public interest at stake. Accordingly, the Court finds that this factor weighs neither in favor nor against abstention. See Foremost, 2018 WL 417035, at *3 (finding that where the parties do not provide a public interest the third Reifer factor weighs neither in favor nor against abstention because there is not any public interest at stake other than the usual interests in fair adjudication, which the court is well-equipped to address).

Fourth, the availability and relative convenience of other remedies, Kelly, 868 F.3d at 283, weighs in favor of the Court's exercising jurisdiction. Plaintiff is not a party to the Wilkerson Action and therefore currently has no other remedy available to it. While Plaintiff

acknowledges that it "could seek declaratory relief in the state courts," the Court agrees with Plaintiff's assertion that a state court would be no better suited to resolve this matter, nor would it be significantly more convenient for the parties to pursue this action in a state court. Consequently, the fourth Reifer factor supports the Court's exercise of its jurisdiction.

The fifth factor, a general policy of restraint when the same issues are pending in a state court, and the sixth factor, the avoidance of duplicative litigation, id., are not applicable here because there is no parallel state proceeding. See id. at 289 (finding that the absence of a parallel proceeding meant that the general policy of restraint did not apply and there was no concern with duplicative litigation). Additionally, the seventh factor, prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata, is not applicable here because Plaintiff is not a party to the Wilkerson Action and there is no parallel state proceeding. See Nationwide Prop. & Cas. Ins. Co. v. Zatyko, No. 16-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016) (finding that there did not appear to be any a concern about the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata, especially because there was no pending parallel state action).

The eighth factor, which is applicable in the insurance context, is an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. See Kelly, 868 F.3d at 283. The Court concludes that this factor weighs neither in favor nor against abstention. Although Plaintiff is providing Defendant Carley's a defense in the Wilkerson Action subject to a reservation of rights, the question of Plaintiff's obligation to defend and indemnify Defendant Carley's is not at issue in the Wilkerson Action. As a result, the Court finds that there is no

conflict of interest between Plaintiff's duty to defend Defendant Carley's in the Wilkerson Action and the arguments Plaintiff is raising in the instant litigation. See Nationwide Prop. & Cas. Ins. Co., 2016 WL 6804436, at *4 (finding no conflict of interest because the underlying state court action did not present issues related to questions of insurance coverage). Furthermore, any inherent conflict of interest between Plaintiff's position in this declaratory judgment action and what might be raised in the Wilkerson Action would be the same regardless of whether the coverage dispute is litigated in state or federal court. See Homesite Ins. Co., 2017 WL 5172294, at *3-4 (finding the eighth Reifer factor weighed neither in favor nor against abstention for this reason).

Accordingly, having determined that the Wilkerson Action is not a parallel state proceeding, and weighing the eight Reifer factors, all of which either favor the Court's exercising jurisdiction or weigh neither in favor nor against abstention, the Court concludes that it is appropriate to exercise its discretionary authority to maintain jurisdiction over the instant litigation.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to file an amended complaint (Doc. No. 17), and deny Defendant Carley's motion to dismiss (Doc. No. 7). An Order consistent with this Memorandum follows.